## DALLAS COOPERAGE & WOODEN WARE CO. et al. v. SOUTHWESTERN COOPERAGE CO. (No. 9076.)

(Court of Civil Appeals of Texas. Dallas. June 30, 1923. Rehearing Denied Oct. 20, 1923.)

Judgment ☞435—Restraining proceedings under judgment taken in defendant's absence held not an abuse of discretion.

Where the judgment in an action for damages was entered in the absence of defendant after the case had been twice set for trial, and defendant had no knowledge of such judgment until execution was presented by the sheriff, it was not error to grant a temporary injunction restraining plaintiffs and the sheriff from proceeding, it appearing that it was customary to notify defendant's attorneys of the time of trial when they resided in another county, and a meritorious defense being disclosed.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Suit by the Southwestern Cooperage Company against the Dallas Cooperage & Wooden Ware Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

M. M. Plowman, of Dallas, for appellants.
Burns, Christian, Gumm & Gordon, of Fort Worth, for appellee.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

JONES, C. J. This is an appeal from the granting of a temporary writ of injunction against a number of persons doing business under the trade name of Dallas Cooperage & Wooden Ware Company, and against Carl Smith, sheriff of Tarrant county, Tex., appellants, restraining the sheriff from levying an execution against the property of appellee, and restraining the other named parties from collecting a judgment secured in their behalf in the district court of Dallas county against appellee, while a suit, brought in the form of a bill of review to set aside the said judgment is pending.

Appellants filed their original suit in the district court of Dallas county on the 12th day of May, 1922, against the Southwestern Cooperage Company, a corporation, for recovery of certain named items of damages alleged to have been occasioned by purchase by appellants from said Southwestern Cooperage Company of a certain number of bundles of steel hooks and steel material, in which it was alleged that a certain portion of the shipment did not measure up to the specifications called for in the contract, and also for a shortage in certain other portions of the shipment. The Southwestern Cooperage Company filed its original answer in said suit on the 6th day of June, 1922, which consisted merely of a general demurrer and a general denial. On the 4th day of October, 1922, appellants filed their first amended original petition in said suit. The case was set down for trial by the judge of the court on the term of court at which appellants were required to make their appearance, and, at the instance of appellant's counsel, was passed because of the absence of appellee and its counsel. On January 10th, at the next term of court, the case was again set down for trial, and no appearance was made by appellee, and judgment to the amount of $1,108.89 was awarded appellants on the proof presented by them. On the 4th of April an execution was issued and sent to appellant Smith, as sheriff of Tarrant county, for levy. When he presented this execution to appellee, this was the first notice that appellee had that the case had been set for trial and that a judgment had been taken against it. Appellee at once prepared and filed the said bill of review, seeking to have said judgment set aside, and asking for the temporary writ of injunction restraining the enforcement of the judgment until such bill of review could be heard. While the court gave notice to appellant to come in and show cause why the injunction should not be granted, and appellants filed their answer duly verified, the court did not on the day set hear any evidence, but granted the injunction on appellee's verified pleadings together with two affidavits made by officers of appellee's company.

In its bill of review appellee sets up a meritorious defense to the suit, and one which fully entitles it to have the matters alleged passed upon by a jury, provided it is not foreclosed by its negligence in making such defense at the trial of the case. It is very questionable, however, if appellee's allegations, intended to excuse such negligence, measure up to the well-known legal requirements for such a proceeding as appellee has here instituted. It does allege, however, that there was a rule of the trial court existing at the time that required notice to be sent to it, or its attorney, if the case was set down for trial, because of the fact that its place of business being in another county and its attorneys of record residing in another county from that in which the suit was pending, and that it relied on such rule for notice of a setting of the case. The same trial judge who awarded the temporary injunction also awarded the judgment, and it was a matter within his knowledge whether there was such a rule obtaining in his court and enforced to such an extent that counsel residing in another county had the right to rely on it. Appellants by their sworn answer denied existence of such a rule. But, by reason of the fact that a meritorious defense is alleged, and of the further fact that the trial court, fully cognizant of the facts surrounding the entry of the original judgment, granted the temporary writ of injunction, we are inclined to hold that there does not appear to be such an abuse of discretion on the part of the trial judge as would warrant this court in reversing the case and dissolving the injunction granted.

The case is therefore affirmed.